

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 23, 1963

Honorable Bob Johnson, Chairman
Committee Pursuant to H.S.R. No. 236
House of Representatives
Austin, Texas

Opinion No. C-60

Re: Authority cf a member
of the Legislature to
sell printed matter
prepared at State ex-
pense.

Dear Mr. Johnson:

Your request for an opinion reads as follows:

"Pursuant to H.S.R. 236, a Commit-
tee is presently studying the charge and
allegations made in speeches before the
House on March 4, 1963, the same being
printed in the House Journal of said date,
pages 480-486. Copies of H.S.R. 236 and
the House Journal of such date are enclos-
ed.

"As Chairman of this Committee I here-
by respectfully request the assistance of
your office in determining whether or not
there exist rules, regulations, or laws
which prohibit a member of the Legislature
from selling printed matter prepared at
state expense.

"I believe that a brief study of the
Resolution and the House Journal will give
you sufficient background to help us in
this matter. Your prompt attention would
be greatly appreciated in as much as the
Committee has but a brief time in which to
file a report of such investigation."

House Simple Resolution No. 236 of the 58th Legis-
lature provides:

"WHEREAS, On March 4, 1963, two Members of the House of Representatives made and leveled certain charges regarding the propriety of the activities of each other in connection with their service on an interim committee of the previous Session of the Legislature; and

"WHEREAS, The charges and allegations are printed in the House Journal for Monday, March 4, 1963, and question the propriety of the use of House facilities for the printing and dissemination of the printed materials and further questions the propriety of the reimbursement of the Members for expenses allegedly incurred; and

"WHEREAS, Such charges and allegations, cast a reflection upon the dignity, integrity, and honest of each interim committee of the Fifty-seventh Legislature and the entire House of Representatives of the Fifty-eighth Legislature; and

"WHEREAS, The Members of the Fifty-eighth Legislature have shown that they wish the public to have access to all the facts and circumstances attendant to the operation of all levels of government to the end that the public confidence in government will be preserves and enhanced; now, therefore, be it

"RESOLVED by the House of Representatives of the Fifty-eight Legislature, That the Speaker be, and he is hereby authorized to appoint a Committee of five Members of the House to conduct an investigation into the alleged acts above referred to as well as any other matter relating thereto and report back to this House within thirty days; and, be it further

"RESOLVED, That said committee shall have power to formulate its own rules of procedure and evidence, and to meet at such times and places as it may deem best and shall elect its own Chairman."

A careful study of the Constitution and statutes of this State reveals only one Article providing for the distribution of printed matter of the Legislature prepared at State expense. Article 5429d, Vernon's Civil Statutes, provides:

"Section 1. The Presiding Officers of the House of Representatives and Senate shall appoint one (1) of their employees to perform the duty of distributing the Journal for each House respectively.

"Sec. 2. It shall be the duty of such appointee to distribute to the Governor, to each Member of the Legislature and upon request, to heads of departments, a copy of the printed Journals of both Houses."

Article 5429f, Vernon's Civil Statutes, known as the Legislative Reorganization Act of 1961, provides for the functions of various committees of the Legislature and the conducting of hearings. Subsection (3) of subdivision (b) of Section 8 of Article 5429f provides:

"The Committee shall keep a record of its proceedings, and it shall have the power to hold such meetings as it may deem necessary and at any place in the State of Texas. The Committee shall also have power to issue process to witnesses, at any place in this State, to compel their attendance, and the production of all books, records and instruments, to issue attachments where necessary to obtain compliance with subpoenas or other process, which may be addressed to and served by either the Sergeant-at-Arms appointed by said Committee or by any peace officer of this State; and to cite for contempt, and cause to be prosecuted for contempt, anyone disobeying the subpoenas or other process lawfully issued by it in the manner and according to the procedures provided in this Act and by any other provisions of General Law. The Chairman of the Committee shall issue, in the name of the Committee, such subpoenas as a majority of the Committee may direct. The Committee is hereby authorized to request the assistance of the State Auditor's Department, the Texas Legislative

Council, the Department of Public Safety,
the Attorney General's Department and all
other State agencies and officers, and it
shall be the duty of said departments,
agencies and officers to assist the Com-
mittee when requested to do so.  The Com-
mittee shall have the power to inspect
the records, documents and files of every
State department, agency and officer, and
of all municipal, county or other political
subdivisions of the State, and to examine in-
to their duties, responsibilities and activi-
ties." (Emphasis added).

Nowhere in Article 5429f is any provision made for
the distribution to the public of a transcript of commit-
tee proceedings.  Article 5429f, above quoted, obviously
does not apply to the printed matter referred to in your
request.

In view of the foregoing, we have reached the con-
clusion that there is no provision providing for distribu-
tion of transcripts of committee hearings to the public.
Therefore, a member of the Legislature may not, at State
expense, sell copies of a transcript to the public.  If
such copies are prepared at State expense, preparation of
such copies must be for a governmental purpose, and not
a private purpose.  If an individual member sells such copies
to the general public, such fact is evidentiary that the
copies were not prepared for a governmental purpose, but for
a private purpose, which is not authorized by law and is
contrary to public policy.  As stated above, however, we know
of no provision, either in the Constitution, statutes or
existing rules of the Legislature, which specifically regu-
lates the activities of individual members of the Legisla-
ture in distributing printed matter prepared at State ex-
pense.  Therefore, in such instances the question is whether
the printed matter was prepared for a governmental or public
purpose, or was prepared for a private purpose.  If pre-
pared for a private purpose, such preparation is contrary to
law and the public policy of this State.

## SUMMARY

A member of the Legislature is not
authorized to prepare, at State expense,
printed matter he intends to sell to the

public, for the reason that printed matter prepared at State expense must be used for governmental or public purposes and not for private purposes.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Bill Allen
Ben Harrison
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone